LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

NEIL ALLEN,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class*,

                Plaintiff,

      v.

CORANET CORP.
        d/b/a CORANET, and
MARGARET MARCUCCI,

                Defendants.

_____

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

      Plaintiff, NEIL ALLEN ("Plaintiff"), on behalf of himself, FLSA Collective Plaintiffs and

the Class, by and through his undersigned attorneys, hereby files, this Class and Collective Action

Complaint against Defendant CORANET CORP. d/b/a CORANET ("Corporate Defendant") and

MARGARET MARCUCCI (the "Individual Defendant"; and, together with the Corporate

Defendant, "Defendants"), and states as follows:

## <u>INTRODUCTION</u>

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) compensation for late payment of wages, (3) statutory penalties (4) liquidated damages, and (5) attorneys' fees and costs.

3.  Plaintiff further alleges, pursuant to the New Jersey Wage and Hour Law ("NJWHL") and New Jersey Wage Payment Law ("NJWPL"), that others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

4.  Plaintiff further alleges on an individual basis that he was deprived of his statutory rights as a result of Defendants' unlawful discrimination practices and unlawful retaliation against by the Defendants, in violation of New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL") and brings this action against Defendants to recover (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over the state law claims of Plaintiff, FLSA Collective Plaintiffs and members of the Class pursuant to 28 U.S.C. §1367.

6.   Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

7.   Plaintiff is a resident of Queens County, New York.

8.   At all relevant times, Defendant CORANET has operated as an IT company, which designs and installs IT support services for their clients, including the installation of security services such as video cameras and other required installations to meet the client needs. Defendants operates its IT and network support services offices at the following locations in New York City and in New Jersey:

    a.   236 W 26th Street, 10th Floor, New York, NY 10001; and

    b.   277 Fairfield Road, Fairfield, NJ 07004 (collectively, the "Offices").

9.   The Offices are engaged in related activities, share common ownership, and have a common business purpose:

    a.   Defendants operate a single management team with headquarters located at 236 W 26th Street, 10th Floor, New York, NY 10001.

    b.   The Offices are advertised on the one company website: https://coranet.com/. Attached hereto as **Exhibit A** is a screenshot of the main webpage for CORANET, located at https://coranet.com/; attached hereto as **Exhibit B** is a screenshot taken from CORANET's Facebook page, https://www.facebook.com/coranetcorp/; attached hereto as **Exhibit C** is a screenshot taken from CORANET's Twitter

webpage, https://twitter.com/CoranetCorp; attached hereto as **Exhibit D** is a screenshot taken from CORANET's LinkedIn webpage, https://www.linkedin.com/company/coranet-corp/

c. Individual Defendant MARGARET MARCUCCI is the CEO of the Corporate Defendant and manages the Offices. *See* **Exhibit E** (Individual Defendant's personal LinkedIn account describing that she is "responsible for leading the development of CorAnet's financial strength, marketing strategies, and employee development" and she focuses on "P & L, customer relationships, expansion of suppliers, product and service offerings, increased corporate and employee certifications, and upgrade of technology and processes."

d. Employees are interchangeable among the Offices—Defendants frequently transfer the employees, including Plaintiff, from the New Jersey office to the New York office and vice versa.

e. The company website shows that the contact number and email for the Offices are the same. *See* **Exhibit F**.

f.  All Offices share a common career page through the company website where potential employees apply to a common human resources department. *See* **Exhibit G**.

g. All Offices share a common employee log-in page through the company website where employees from all Offices can access their accounts. *See* **Exhibit H**.

h. The Offices share payroll methods and have a single, centralized system of labor relations for employees.

i.   When Plaintiff was made to work interchangeably at both New York and New Jersey offices, he would be paid on a single paystub as Defendants use a central department, which handles timekeeping, payroll and management.

10. Defendant CORANET is a foreign business corporation organized under the laws of the State of New Jersey, with a principal place of business located at 236 W 26th Street, 10th Floor, New York, NY 10001, and an address for service of process located at c/o Margaret Marcucci, 14 Wall Street, Suite 1615, New York, NY 10005.

11. At all relevant times, Defendants were and are "enterprise[s] engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder.

12. Individual Defendant MARGARET MARCUCCI is the Chief Executive Officer of the Corporate Defendant. At all relevant times, Defendant MARGARET MARCUCCI has exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. Defendant MARGARET MARCUCCI has exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all relevant times, employees could complain to Defendant MARGARET MARCUCCI regarding any of the terms of their employment, and Defendant MARGARET MARCUCCI possessed the authority to effect any changes to the quality or terms of their employment. Defendant MARGARET MARCUCCI ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendant. Defendant MARGARET MARCUCCI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

13. Plaintiff have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including, but not limited to, the technicians, installers, electricians, and dispatchers employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal by Defedants to pay Plaintiff and FLSA Collective Plaintiffs their proper compensation for all hours worked, including overtime, but for which they have not yet compensated due to Defendants' time-shaving practices. The claims of Plaintiff as stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

6

## RULE 23 CLASS ALLEGATIONS

18. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to technicians, installers, electricians, and dispatchers who were employed and unjustly compensated by Defendants, throughout New York State and New Jersey State, on or after the date that is six (6) years before the filing of the Complaint in this case (the "Class").

19. Plaintiff will seek to certify claims under NYLL for Class members who performed work for Defendants in New York ("New York Class members") and under NJWHL and NJWPL for Class members who performed work for Defendants in New Jersey ("New Jersey Class members").

20. At all relevant times, Plaintiff and Class members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure to pay all wages owed due to a policy of time shaving.

21. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the titles of the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

22. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise

7

number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. Moreover, each subclass, the New York Class and the New Jersey Class, include over forty (40) members as well.

23. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class members were subject to the same corporate practices of Defendants, as alleged herein, including but not limited to Defendants' failing to pay regular and overtime compensation for all hours worked due to a practice of time-shaving in violation of the NYLL, NJWHL and NJWPL. Additionally, all of the New York Class members were subject to the same corporate practices of Defendants, as alleged herein, including but not limited to Defendants: (i) failing to pay wages timely on a weekly basis by the Defendants in violation of the NYLL, (ii) failing to provide Class members with proper wage statements in compliance with the NYLL, and (iii) failing to properly provide wage and hour notices to Class members upon hiring and as required thereafter, pursuant to the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures carried out by Defendants.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiff in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

d) Whether Defendants practiced a policy of time-shaving;

e) Whether Defendants compensated employees for all wages earned and all hours worked;

f) Whether Defendants paid Plaintiff and New York Class Members their lawful wages timely on a weekly basis as required by NYLL;

g) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, on the date of hiring and annually thereafter, to all non-exempt employees, per the requirements of the NYLL; and

h) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

### *Plaintiff NEIL ALLEN's Wage Claims:*

28. In or around January 2021, Plaintiff was hired by Defendants and/or their predecessors, as applicable, to work as a low voltage technician at CORANET. Plaintiff's employment with Defendants at CORANET was terminated in or around July 2023.

29. Throughout his employment, Plaintiff was regularly scheduled to work from 6:00 a.m. to 2:00 p.m. from Monday through Friday for a total of forty (40) hours per week, minus a one (1) hour lunch break per day. In addition to this schedule, Plaintiff would frequently be asked to work hours beyond that scheduled time, raising Plaintiff's schedule beyond that of forty (40) hours. As an example, the attached paystub from Plaintiff shows Plaintiff is recorded as working thirty-eight (38) hours of overtime from January 2022 to October 2022, approximately one (1) hour of overtime per week worked. *See* **Exhibit I**, Plaintiff's Paystub. Similarly, FLSA Collective Plaintiffs and Class members had similar work schedules.

30. Throughout Plaintiff's employment, he was assigned to work from both the New Jersey office and the New York office. Similarly, FLSA Collective Plaintiffs and Class members had similar assignments.

31. Throughout his employment, Plaintiff was paid on a hourly basis of twenty-six ($26) dollars per hour. Similarly, FLSA Collective Plaintiffs and Class members were compensated at similar wage rates.

32. Throughout Plaintiff's employment, Defendants engaged in time-shaving employees' hours. Defendants would instruct Plaintiff that he was required to be on-site early, so as to be prepared to begin his shift at his scheduled start time. Plaintiff was required to arrive at least 30 minutes early. Despite being required to be on-site early and ready to work before his scheduled

start time, this time was not compensated and Defendants only compensated for his scheduled shift. Similarly, FLSA Collective Plaintiffs and Class members were not compensated for their wait time.

33. Plaintiff was required to work immediately when he arrived at the worksite, but he was instructed to input his scheduled hours in his timesheet. Plaintiff's pre-shift work time goes uncompensated as Defendants only pay for Plaintiff's and co-workers' scheduled time. Similarly, FLSA Collective Plaintiffs and Class members were not compensated for the work performed before their scheduled hours.

34. Throughout Plaintiff's employment, he was not compensated for about thirty (30) minutes each day for the time he arrived and was required to work before his scheduled hours, resulting to a total of two (2) hours and thirty (30) minutes per week of unpaid wages, including overtime due to time shaving. Likewise, FLSA Collective Plaintiffs and Class members were similarly time shaved.

35. Throughout his employment, Plaintiff was deducted an hour for meal break even though he was on call during his whole shift including this hour deducted for meal break. He was required to stay within his assigned area of coverage and was on-call to engage in work during this meal break. Moreover, he was not allowed to leave his assigned area for his meal break as he would get reprimanded if he did so. Similarly, FLSA Collective Plaintiffs and Class members were deducted an hour for meal break despite being on call and being interrupted to engage in work during this meal break.

36. Despite Plaintiff working early and working during his meal break, Defendants would only compensate Plaintiff for his assigned shift, automatically deduct his meal breaks not taken, and not for actual hours worked, resulting in unpaid wages and overtime premiums. Likewise,

FLSA Collective Plaintiffs and Class members were subjected to Defendants' routine practice of shaving time off from the hours that their employees worked, and not compensating them for their actual hours worked, resulting in unpaid wages and overtime premiums.

37. Plaintiff and New York Class members are manual laborers as defined under NYLL. As part of Plaintiff's job duties, Plaintiff was required to engage in the following manual work: (i) install security doors; (ii) install security cameras; (iii) install security monitors and systems; (iv) run and install wires from cameras to security rooms. The foregoing required heavy lifting and the assistance of multiple people just to remove the materials from Defendants' trucks. New York Class members similarly engage in this manual labor. Plaintiff and New York Class members spend more than 25% of their working time engaged in "physical labor."

38. Throughout Plaintiff's employment, Defendants regularly failed to pay Plaintiff's wages within seven (7) days of the end of the week in which Plaintiff earned them in violation of NYLL §191(a)(i). Defendants would provide Plaintiff his wages biweekly through direct deposit despite the NYLL requiring employees like Plaintiff to be compensated on a weekly basis. Similarly, FLSA Collective Plaintiffs and New York Class Members were paid at similar frequency.

39. Under New York Labor Law, all 'manual worker(s)' must be paid on a weekly basis. Pursuant to the New York State Department of Labor, manual workers include non-exempt employees who spend more than twenty-five percent (25%) of their working time performing physical labor. Here, Plaintiff, FLSA Collective Plaintiffs and New York Class Members were paid bi-weekly despite spending more than 25% of their working time performing physical labor

40. Due to Defendants' improper, untimely bi-weekly payments, Plaintiff would struggle to timely pay his own bills. Plaintiff would be forced to pay bills late as he waited for his owed

compensation to be available. FLSA Collective Plaintiffs and New York Class members would similarly struggle to timely pay debts due to Defendants' untimely compensation policies.

41. Plaintiff and New York Class Members did not receive wage statements that were in compliance with NYLL. Plaintiff and New York Class Members received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

42. Defendants failed to provide Plaintiff and the New York Class Members with wage notices at hiring and at dates of all wage changes thereafter. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring, in violation of NYLL.

43. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices and wage statements function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

44. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and New York Class members. Defendants' conduct harmed Plaintiff and New York Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates and the failure to provide a wage notice properly listing the rate and frequency

Plaintiff and New York Class members were entitled to get paid, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and New York Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants' failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendant to hide their responsibility and deprive employees of timely compensation.

45. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants was able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and the New York Class members. This delayed payment caused Plaintiff to struggle to timely pay bills, make purchases and settle debts FLSA Collective Plaintiffs and class members similarly struggle to timely pay debts due to Defendants' continued attempts to hide wrongdoing from employees.

46. Defendants knowingly and willingly failed to pay Plaintiff, FLSA Collective Plaintiffs, and the Class regular and overtime wages for all hours worked due Defendants' time- shaving practices.

47. Defendants knowingly and willingly operated their business with a policy of failing to provide valid weekly payments to Plaintiff and the New York Class.

48. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under the NYLL.

49. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

### Plaintiff NEIL ALLEN's Discrimination Claim:

50. Plaintiff was racially discriminated by the foreman, Severio, from his first day of work. On Plaintiff's first day, Severio asked the Plaintiff, "How does it feel to be a poor black boy?" which was heard by his co-worker, Kaitlyn. Moreover, Severio had made jokes to other workers about Plaintiff's race almost on a daily basis.

51. Plaintiff immediately complained to his supervisor, John, after Severio discriminated against him on his first day but Defendants unlawfully retaliated against Plaintiff. Due to his complaint, Plaintiff was assigned to job sites further away from his home. They have sent Plaintiff to job sites in New Jersey, but did not reimburse him for his travel expenses, even if his co-workers get reimbursed for the same expenses. Eventually, Plaintiff realized that John and Severio were brothers and stopped complaining in fear of losing his job.

52. Furthermore, Severio demonstrated a threatening attitude towards the Plaintiff, which began shortly after raising his concerns in January 2021. Severio once approached the Plaintiff to make fun of him, but the Plaintiff responded, "I'm not in the mood" to which the foreman started screaming in his face and yelling, "Do you think I am scared of you?" in a threatening manner.

53. Plaintiff was then terminated for not being able to attend the training course at the time and place set by the Defendants. The training course was a video which the Defendants permitted other employees to watch from home, but required Plaintiff to watch at the office. Due to conflict in schedule, Plaintiff requested the training to be rescheduled and asked if he can complete it home,

as his co-workers had done. Defendants terminated the Plaintiff when he could not complete the training course at the original time and place that the Defendants set.

54. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

## ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

55. Plaintiff realleges and reavers all the above allegations of this complaint as fully set forth herein.

56. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

58. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

59. Defendants failed to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving, including all hours worked in excess of forty (40) each week.

60. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs, and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records

by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

61. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

62. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

63. Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime, plus an equal amount as liquidated damages.

64. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATIONS OF THE NEW YORK LABOR LAW

## ON BEHALF OF PLAINTIFF AND NEW YORK CLASS MEMBERS

65. Plaintiff realleges and reavers all the above allegations of this Class and Collective Action Complaint as if fully set forth herein.

66. At all relevant times, Plaintiff and New York Class members were employed by the Defendants within the meaning of the NYLL §§ 2 and 651.

67. Defendants willfully violated the rights of Plaintiff and New York Class members, by practicing a policy of time-shaving, in violation of the NYLL.

68. Defendants willfully violated Plaintiff and New York Class Members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL.

69. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and other non-exempt employees, as required by the NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the NYLL.

70. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and other non-exempt employees with proper wage notices, at date of hiring and at dates of all wage changes thereafter, in violation of the NYLL.

71. Due to the Defendants' NYLL violations, Plaintiff and New York Class members are entitled to recover from the Defendants their unpaid wages, including overtime, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## COUNT III

## VIOLATIONS OF THE NEW JERSEY WAGE AND HOUR LAW

## ON BEHALF OF PLAINTIFFS AND NEW JERSEY CLASS MEMBERS

72. Plaintiff realleges and incorporates all the foregoing paragraphs of the Class and Collective Action Complaint as if fully set forth herein.

73. At all relevant times, New Jersey Class members were employed by the Defendants within the meaning of the NJWHL.  N.J. Stat. Ann. § 34:11-56a1(h).

74. NJWHL requires that covered employees be compensated for all hours worked.

19

75. Defendants knowingly and willfully failed to pay New Jersey Class members all wages owed due to their time-shaving policy, in violation of the NJWHL.

76. Pursuant to N.J. Stat. Ann. § 34:11-56a25, employers, such as Defendants, who fail to pay employee wages in conformance with the NJWHL shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

77. Due to the Defendants' NJWHL violations, Plaintiff and New Jersey Class members are entitled to recover from the Defendants their unpaid wages, including overtime, reasonable attorneys' fees, liquidated damages and costs and disbursements of the action, pursuant to the NJWHL.

## COUNT IV

### VIOLATIONS OF THE NEW JERSEY WAGE PAYMENT LAW

### ON BEHALF OF PLAINTIFFS AND NEW JERSEY CLASS MEMBERS

78. Plaintiff realleges and incorporates all the foregoing paragraphs of the Class and Collective Action Complaint as if fully set forth herein.

79. Defendants are employers under NJWPL, N.J. Stat. Ann. § 34:11-4.1(a).

80. As employees, Plaintiff and the New Jersey Class members are entitled to the protections of the New Jersey Wage Payment Law ("NJWPL"). N.J. Stat. Ann. § 34:11-4.1(b).

81. The NJWPA mandates that an employer "pay the full amount of wages" due to the employee. N.J.S.A. § 34:11-4.2.

82. As set forth herein, Defendants knowingly and willfully violated NJWPL by failing to compensate New Jersey Class members for all hours worked.

83. Due to the Defendants' NJWPL violations, Plaintiff and New Jersey Class members are entitled to recover from the Defendants their unpaid wages, including overtime, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NJWHL.

**COUNT V**

**VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW**

**AGAINST PLAINTIFF**

84.  Plaintiff realleges and reavers all the above allegations of this Class and Collective Action Complaint as is fully set forth herein.

85. Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

86. Defendants violated Plaintiff statutorily protected rights under the NYSHRL, New York Executive Law §296, by engaging in discriminatory employment practices and subjecting him to a hostile work environment based on his race.

87. Far from enforcing NYSHRL §296, Defendants affirmatively and unlawfully retaliated against Plaintiff for calling Defendants' attention to the discriminatory remarks of foreman Severio and other contractors regarding Plaintiff's race.

88. Plaintiff suffered economic losses, as well as emotional and mental distress from Defendants' retaliatory actions of not providing Plaintiff the same opportunities as the other workers in similar situations, assigning him to farther job sites and demonstrating a threatening attitude towards Plaintiff shortly after apprising Defendants of the racial discrimination the Plaintiff faced in the work environment from Severio and other contractors.

21

89. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

90. As a result of Defendants' unlawful employment practices, Plaintiff sustained injury, including economic damages, the past and future emotional distress, and the costs of bringing this action.

91. Due to Defendants' violation under the NYSHRL, based on racial discrimination, Plaintiff is entitled to recover from the Defendants: (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## COUNT VI

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

## AGAINST PLAINTIFF

92. Plaintiff realleges and reavers all the above allegations of this Class and Collective Action Complaint as if fully set forth herein.

93. Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

94. Defendants violated Plaintiff's statutorily protected rights under the NYCHRL, Administrative Code of the City of New York §8-107, by engaging in discriminatory employment practices and subjecting him to a hostile work environment based on his race.

95. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYCHRL.

96. As a result of Defendants' unlawful employment practices, Plaintiff sustained injury, including economic damages, past and future emotional distress, and the costs of bringing this action.

97. Due to Defendants' violation under the NYCHRL based on racial discrimination, Plaintiff is entitled to recover from the Defendants: (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NJWHL and NJWPL;

b. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid regular and overtime compensation resulting from Defendants' policy of time-shaving, and which is due under the FLSA, NYLL, NJWHL and NJWPL;

d. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular and overtime compensation pursuant to the FLSA, NYLL, NJWPL;

f. An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

23

h.   An award of statutory penalties, and prejudgment and post-judgment interest;

i.   An award of compensatory damages for Plaintiff's injury resulting from Defendants'
     unlawful discriminatory practices, pursuant to the NYSHRL and NYCHRL;

j.   An award of punitive damages for Defendants' unlawful discriminatory practices
     against Plaintiff, pursuant to the NYSHRL and NYCHRL;

k.   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.   Designation of this action as a Class Action pursuant to FRCP 23;

m.   Designation of Plaintiff as Representative of the Class; and

n.   Such other and further relief as this Court deems just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  September 21, 2023

                         Respectfully submitted,

                         By:    */s/ C.K. Lee*
                                C.K. Lee, Esq.

                                LEE LITIGATION GROUP, PLLC
                                C.K. Lee (CL 4086)
                                Anne Seelig (AS 3976)
                                148 West 24th Street, 8th Floor
                                New York, NY 10011
                                Tel.: 212-465-1188
                                Fax: 212-465-1181
                                *Attorneys for Plaintiff,*
                                *FLSA Collective Plaintiffs and the Class*

24